Donald Fernandes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 6, 1980, before Judges MENCER, ROGERS, and CRAIG, sitting as a panel of three.

*Donald Fernandes*, petitioner, for himself.

*Elsa D. Newman-Silverstine*, with her *Gary Marini*, Assistant Attorney General, *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE CRAIG, July 16, 1980:

Claimant Donald Fernandes appeals from a decision of the Unemployment Compensation Board of Review, which held that claimant was ineligible for benefits under Section 402(b)(1), 43 P.S. §802(b)(1) of the Unemployment Compensation Law,[1] because he voluntarily terminated his employment with the Philadelphia Rivet Company (employer) without necessitous and compelling cause.

On September 29, 1978, after observing the claimant engaging in horseplay during working hours, the claimant's supervisor sent the claimant home early. The supervisor accompanied his disciplinary action with a warning to claimant that if he persisted in such

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

conduct he could look for another job. Claimant did not report to work after September 29, but he came to pick up his pay check on October 4, 1978 and at that time was informed that he could still return to his job. However, the claimant never returned to work.

The claimant has the burden of proving that he terminated his employment due to necessitous and compelling cause. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

To meet his burden, claimant timely requested in writing the issuance of subpoenas to produce documents and witnesses at the referee's hearing. Section 506 of the Unemployment Compensation Law, 43 P.S. §826, provides:

> The department and the board shall have power to issue summons or subpoenas to compel the attendance of witnesses and the production of ... papers ... and other records deemed necessary as evidence in connection with a disputed claim....

Because the Office of Employment Security failed to provide claimant's request to the referee before the hearing, the referee considered the request in the course of the hearing; he refused to issue any subpoenas.

This court may reverse a decision of a referee when we find that he has abused his discretion or committed an error of law. *Flanagan v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 120, 407 A.2d 471 (1979).

Claimant entered a clear objection to the referee's refusal and preserved the question here. Hence, the issue is whether the referee erred by denying claimant's request that certain witnesses be subpoenaed.

As the Commonwealth here recognizes, claimant's burden related to the principle that a reprimand constitutes necessitous and compelling cause only if it is unreasonable and not justified. *Rooney v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 76, 380 A.2d 957 (1977).

With respect to the attempt to subpoena co-workers Charles Garner and Evan Sanders, claimant's request, on its face, indicates that their testimony was sought to determine whether the reprimand was justified.[2]

Although we certainly decline to encourage unnecessary or irrelevant subpoenas, we must conclude that the referee erred[3] in refusing subpoenas for the two witnesses named.

---

[2] The request stated in part:

I, Donald F. Fernandes, do hereby demand that all SUBPOENAS be issued forthwith, concerning the following documents and all related informations pertinent to my rights being fully protected, as an unemployment benefit/s claimant, in dispute....

'....

SUBPOENA #3—The person of one Charles Garner, night shift tool room machinist, employed at Philadelphia Rivet Company, Doylestown, Pa. This witness can supply firsthand knowledge as to 'GOING ON'S' at work, and even to the part that he may have become involved involuntarily to workers 'pranks'.

SUBPOENA #4—The person of one Evan Sanders, Phila., Rivet Co., Employee. This witness can supply first hand, UNBIASED knowledge, as to who or what did most of the 'FOOLING AROUND' on the night shift.

[3] However, the referee's approach and procedure in this case was sensible and commendable. In most situations it may be wise, as occurred in this case, to conduct a hearing before subpoena issuance because the hearing may demonstrate a subpoena to be unnecessary. However, if a subpoena then appears to be necessary, it can be issued to produce the requested evidence at a continued hearing.

Accordingly, we remand this case for rehearing, with claimant to be afforded the assistance of the subpoenas requested as to the two witnesses, Charles Garner and Evan Sanders.

### ORDER

AND NOW, this 16th day of July, 1980, the order of the Unemployment Compensation Board of Review is vacated and the record remanded for further hearing solely for the purpose of adducing the testimony of Charles Garner and Evan Sanders and any rebuttal thereof offered by the employer.