James E. CROSS *v.* Charles L. DANIELS,
Director of Labor, and HUDSON FARMS

E 80-122                          607 S.W. 2d 680
Court of Appeals of Arkansas
Opinion delivered November 19, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellees.

DAVID NEWBERN, Judge. In this employment security benefits case, the claimant was held to have been disqualified from benefits pursuant to Ark. Stat. Ann. § 81-1106(a) (Supp. 1979), for the reason that "he quit his last work because of illness, injury, or other disability but did not make reasonable efforts to preserve his job rights, prior to quitting."

The claimant contended his health was adversely affected by a personality conflict with and harassment by one of his superiors, and that was the reason he quit his job.

The board of review agreed with that conten-

tion, given its finding and adoption of the statutory language quoted above. However, there was the additional finding the claimant did not do that which was necessary to preserve his job rights.

At the hearing before the appeals tribunal, the claimant requested that one of his superiors, Mr. Sellers, be subpoenaed for the purpose of testifying with respect to his attempts to transfer within the company or otherwise keep his employment but avoid the personnel situation of which he complained. The referee acknowledged his authority to grant a continuance and issue the subpoena but declined to do so until he determined, after hearing some other evidence, whether it was necessary to subpoena the witness requested.

At the conclusion of the hearing, he left the matter open, saying he would hold another hearing if after reviewing the evidence he felt it necessary. No further hearing was held, and thus the witness sought by the claimant was neither subpoenaed nor heard.

Given the fact the claimant sought the presence of the witness in question for the purpose of testifying on the very point upon which he was found to have been disqualified, we cannot understand why the subpoena was not issued. Clearly the referee had the authority to issue it. Ark. Stat. Ann. § 81-1114(h) (Repl. 1976).

In its *pro forma* affirmance of the appeals tribunal's (referee's) decision, the board of review did not even mention the claimant's contention with respect to the subpoena he had sought although that clearly was the major point of his appeal.

The board's decision is reversed and remanded with instructions to hold a further hearing after the witness sought by the claimant has been subpoenaed to appear.

Reversed and remanded.