Kathleen Jones, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 1, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Steven J. Neary,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 30, 1982:

Kathleen Jones appeals an Unemployment Compensation Board of Review order which denied her benefits. We affirm.

Jones, a Keystone AAA employee, engaged in an altercation with a co-worker. While they were argu-

ing, a customer telephoned the co-worker and Jones twice placed the customer on hold so that she could continue the argument. She was discharged for interfering with the co-worker.

Our scope of review where the party with the burden of proof[1] has prevailed below is limited to determining whether the findings of fact are supported by substantial evidence. *Maxwell v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 604, 423 A.3d 430 (1980).

The Board denied Jones' benefits, concluding that her conduct amounted to willful misconduct thus precluding her from receiving benefits under Section 402(e) of the Unemployment Compensation Law.[2] Although willful misconduct is not defined in the Law, our Court has stated that willful misconduct consists of:

> [T]he wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of expected behavior standards or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employe's duties and obligations.

*Serban v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 147, 150, 370 A.2d 755, 756 (1977). Additionally, this Court has concluded that "a single act may constitute willful misconduct."[3] *Affalter v. Unemployment Compensa-*

---

[1] The employer bears the burden of proving willful misconduct. *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979).

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[3] We need not address the issue of whether previous warnings given Jones should have been considered, in that the Board's findings on the final altercation, if supported by substantial evidence, are enough to sustain a denial of benefits for willful misconduct.

*tion Board of Review*, 40 Pa. Commonwealth Ct. 482, 485, 397 A.2d 863, 865 (1979). Here we are convinced that this single act constituted a standard of behavior inimical to the employer's interests.

The claimant shoulders the burden to show that an act of willful misconduct was justified. *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). Here, Jones has offered as her justification her attempt to reach an understanding with her co-worker in a Christian-like spirit.[4] Praiseworthy as her proclaimed intention may be, we find the Board's pointed rejection of this contention to be persuasive.

> The claimant has not demonstrated any good reason why she was unable to wait to speak to the co-worker until after the co-worker had finished her business conversation. The claimant's conduct demonstrated a disregard of the standards of behavior which her employer had the right to expect of her.

As to Jones' claim that there is not substantial evidence in the record to support the Board's denial of benefits, we disagree. The claimant herself admitted to the altercation, and the Board, in its province as fact finder, *Remaly v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 551, 423 A.2d 814 (1980), resolved the issue of credibility in the employer's favor.

---

[4] We cannot address Jones' claim that her attempt to resolve this conflict in a "Christian spirit" was a constitutionally-protected religious belief because this argument is raised for the first time on appeal to this Court. It should by now be axiomatic that 2 Pa. C. S. §703(a) precludes review by this Court of any question not raised below, other than the validity of the statute itself. *See Wing v. Unemployment Compensation Board of Review*,      Pa.     , 436 A.2d 179 (1981).

Affirmed.[5]

ORDER

The order of the Unemployment Compensation Board of Review, No. B-182084-A dated May 20, 1980, is affirmed.

Judge MENCER did not participate in the decision in this case.

---

[5] Jones has also asserted that the Board's dismissal of a motion for enforcement of subpoena was in error. We disagree. The motion was filed on January 16, 1980, after the issuance of the referee's initial decision in the case. Jones asserts that the personnel records subpoenaed will show that minorities were more strictly reprimanded and thus that she was discriminated against. However, because our scope of review when the referee or Board denies a subpoena is limited to determining if there was an abuse of discretion or error of law, *Fernandes v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 79, 416 A.2d 644 (1980), we must affirm. It is within the Board's discretion to grant or deny a subpoena. This Court has stated that: "In most situations it may be wise, as occurred in this case, to conduct a hearing before subpoena issuance because the hearing may demonstrate a subpoena to be unnecessary." *Id.* at 82 n.3, 416 A.2d at 646 n.3. Here, no mention was made at the hearings of the asserted discrimination nor were any of the witnesses questioned as to the matter. Thus, we conclude there was no abuse of discretion in denying the motion for enforcement.