Marvin ADAMS, Claimant
Below, Appellant,

v.

SHORE DISPOSAL, INC., Employer
Below, Appellee.

No. 238, 1998.

Supreme Court of Delaware.

Submitted: Oct. 26, 1998.
Decided: Nov. 18, 1998.

John J. Schmittinger, and Walt F. Schmittinger, of Schmittinger and Rodriguez, P.A., Dover, for appellant.

Natalie S. Wolf, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellee.

Before VEASEY, C.J., and HOLLAND and BERGER, JJ.

HOLLAND, Justice:

The claimant-appellant, Marvin Adams ("Adams"), sustained a compensable work-related injury on June 2, 1994 while employed with the employer-appellee, Shore Disposal Co., Inc. ("Shore Disposal"). Adams received total disability benefits from Shore Disposal beginning on July 18, 1994 until February 2, 1995 when Shore Disposal filed a Petition to Terminate his benefits. Adams filed a Petition to Determine Additional Compensation Due on December 13, 1995. Adams' petition sought permanent impairment benefits and the payment of certain outstanding medical bills.

### First Board Hearing

The Industrial Accident Board ("Board") held a hearing on March 27, 1996. The Board issued a decision concluding that: Adams had a wage loss because of the work-related injury; Adams was entitled to a 5% permanent impairment to the back and a 5% impairment to the right leg; the medical bills Adams submitted were not compensable; Adams' total disability benefits should be terminated; and Adams' job search was not reasonable. *Adams v. Shore Disposal,* I.A.B. No. 1031631 (March 27, 1996).

Adams appealed the Board's March 27, 1996 decision. The Superior Court held that the Board did not violate Adams' right to due

process by failing to issue subpoenas requested by him prior to the March 27, 1996 Board hearing. *Marvin Adams v. Shore Disposal, Inc.,* Del.Super., C.A. No. 96A–10–001, Lee, J., 1997 WL 718651 (July 29, 1997). The Superior Court remanded Adams' case to the Board, however, on the issue of the reasonableness of Adams' job search. *Id.*

### Second Board Hearing

On remand, the Board again concluded that Adams' job search was not reasonable. *Marvin Adams v. Shore Disposal,* I.A.B. 1031631, Remand from Superior Court (Oct. 20, 1997). Adams again appealed the issue of the reasonableness of his job search to the Superior Court. In Adams' second appeal, the Superior Court held that the Board's decision on remand was supported by substantial evidence and, therefore, granted Shore Disposal's Motion to Affirm the Board's October 20, 1997 decision. *Adams v. Shore Disposal,* Del.Super., C.A. No. 97A–11–002, Lee, J., 1998 WL 442922 (May 27, 1998) (Let.Op.).

### This Appeal

This is Adams' appeal from the Superior Court's May 1998 final judgment, regarding the reasonableness of his job search and the Superior Court's July 1997 interlocutory judgment, upholding the Board's denial of subpoenas requested by Adams' attorney prior to the March 27, 1996 Board hearing. The record reflects that the Board failed to issue subpoenas to the employers identified by Shore Disposal's vocational rehabilitation expert prior to its hearing on March 27, 1996. This Court has held due process requires that the claimant be permitted to subpoena witnesses in order to effectively develop his or her case and to cross-examine the employer's witnesses. *Torres v. Allen Family Foods,* Del.Supr., 672 A.2d 26 (1995). Accord *Kelley v. ILC of Dover, Inc.,* Del.Super., C.A. No. 97A–03–004, Ridgely, P.J., 1997 WL 817847 (Oct. 31, 1997); *aff'd ILC of Dover, Inc. v. Kelley,* Del.Supr., No. 523, 1997, Holland, J., 1998 WL 465133 (June 25, 1998).

### Adams' Subpoena Requests Erroneously Denied by Board

Since Adams' request for subpoenas had been denied, in an effort to challenge the credibility of Shore Disposal's vocation rehabilitation expert, Adams offered ten letters to the Board from the employers allegedly contacted by Shore Disposal's vocation rehabilitation witness. Contrary to Shore Disposal's witness' testimony, each of those letters indicated that the witness had not been to their place of employment; spoken with the employer about the job in question; or discussed Adams, either by name or by description. Notwithstanding the conflict between the Shore Disposal vocational rehabilitation witness' testimony and the third-party letters presented to the Board by Adams, the Board found Shore Disposal's vocational rehabilitation witness to be credible as to the availability of work and the wages Adams could allegedly earn.

In *Torres,* this Court stated that "the Board must respect the decision of a party to use the subpoena process provided for in the statute if the Claimant or her counsel, after an informal investigation, has established the need for a witness." *Torres v. Allen Family Foods,* 672 A.2d at 32, citing *Moore v. Fulton Paper Co.,* Del.Supr., 663 A.2d 488 (1995). "Since the judgment is not one for the Board to make, when counsel is satisfied that a witness is needed the Board cannot refuse." *Torres v. Allen Family Foods,* 672 A.2d at 32. The Board erred, as a matter of law, in not issuing the subpoenas requested by Adams' attorney. *Id.*

### Conclusion

This Court has concluded that the Board's decision must be reversed. It would be inequitable to remand this matter for further proceedings on the basis of employment opportunities that are not current. A proper application of the displaced worker doctrine can only be made by considering the contemporaneous availability of employment. Accord *Kelley v. ILC of Dover, Inc.,* Del.Su-

per., C.A. No. 97A–03–004, Ridgely, P.J., 1997 WL 817847 (Oct. 31, 1997); *aff'd ILC of Dover, Inc. v. Kelley,* Del.Supr., No. 523, 1997, Holland, J., 1998 WL 465133 (June 25, 1998). Therefore, without prejudice to the employer's right to file another Petition for

Termination, the judgment of the Superior Court is reversed.*

---

* This opinion was issued in response to the Court's decision to grant Adams' Motion for Reargument. This opinion supersedes and replaces the prior order entered by this Court on October 6, 1998, which order is hereby vacated.