**SAN DEL PACKING COMPANY, Employer Below, Appellant,**

v.

**Thelma GARRISON, Claimant Below, Appellee.**

No. 374, 1999.

Supreme Court of Delaware.

Submitted: June 20, 2000.
Decided: Aug. 31, 2000.

---

**9.** *See supra* note 7.

**10.** *Floray v. State,* Del.Supr., 720 A.2d 1132, 1137 (1998) (citations omitted).

**11.** *See id.* at 1138.

Charles Slanina, Tybout, Redfearn & Pell, Wilmington, Delaware, for appellant.

Walt F. Schmittinger, John J. Schmittinger, Schmittinger & Rodriguez, P.A., Dover, Delaware, for appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER, Justices, and LAMB, Vice Chancellor.[1]

HOLLAND, Justice:

This is an appeal from a final judgment by the Superior Court. The Superior Court reversed a decision of the Industrial Accident Board that granted the petition of the employer-appellant, San Del Packing Company, to terminate its total disability payments to the claimant-appellee, Thelma Garrison. The Superior Court reversed the Board's decision, under the au-

thority of our decision in *Torres v. Allen Family Foods,*[2] because the Board should have issued the subpoenas requested by the claimant's attorney.

In this appeal, the employer acknowledges that the Board committed legal error by not issuing the subpoenas: The employer argues, however, that legal error was harmless. We disagree. Accordingly, we have concluded that the judgment of the Superior Court must be affirmed.

### *Facts*

On August 24, 1990, Thelma Garrison suffered a compensable back injury while employed with San Del Packing Company. Thereafter, the Board approved a settlement agreement between Garrison and San Del Packing providing for total disability compensation to be paid to Garrison at a rate of $130.67 per week. Garrison was subsequently treated by Dr. Rowe, who performed surgery in 1991 to correct a herniated disk. Although the surgery provided some benefit, Garrison continued to suffer from lower back pain.

On October 4, 1993, San Del filed a petition to review its compensation agreement with Garrison. At the hearing, Dr. Rowe and Dr. Case testified as to the extent of Garrison's injuries. Garrison testified that before her injury, she had worked only as an unskilled laborer, had an eighth grade education and had no training with computers or other office equipment. Garrison also testified that she had engaged in an intensive job search but was unable to obtain employment. The Board concluded that Garrison qualified as a displaced worker and was entitled to receive total disability benefits.

On September 16, 1996, San Del again moved to terminate Garrison's total disability benefits on the ground that Garrison was not totally disabled and failed to conduct a reasonable job search. Prior to the hearing, Garrison requested the Board

1. Sitting by designation pursuant to Supreme Court Rule 2 and Del. Const. art. IV § 12.

2. *Torres v. Allen Family Foods,* Del.Supr., 672 A.2d 26, 32 (1995).

to issue subpoenas to the persons named in San Del Packing's labor market survey. The Board refused to issue the subpoenas requested by Garrison because she failed to state specific reasons for the necessity of the proposed witnesses' testimony.

The Board conducted a hearing on San Del Packing's second petition to terminate Garrison's benefits. San Del Packing presented a rehabilitation expert who testified that she conducted a survey between February 1995 and July 1996, locating 37 full or part-time positions available for a person with Garrison's limited qualifications. The rehabilitation expert opined that Garrison failed to conduct an adequate job search in that she applied for positions that were no longer available or that were outside of her educational abilities or her geographical scope.

In response to San Del Packing's petition, Garrison presented evidence to support her contention that she was still a displaced worker. Garrison testified that she was unable to obtain employment after conducting a reasonable job search. According to Garrison, throughout 1994 and 1995, she conducted an extensive job search consisting of: sending out resumes and cover letters through her attorney's office; pursuing employment advertisements in the newspaper; and checking the job listings in San Del Packing's labor market survey. Dr. Rowe and Dr. Case testified that Garrison's medical condition had not changed since the Board's 1993 decision.

The Board determined that Garrison failed to conduct a reasonable search. The Board found that Garrison no longer qualified as a displaced worker. Therefore, the Board granted San Del Packing's petition to terminate Garrison's total disability benefits.

### Subpoenas Erroneously Denied

■ Due process requires that a claimant be permitted to subpoena witnesses in order to effectively develop his or her case and to cross-examine the employer's witnesses.[3] In *Torres*, this Court held that the Board must respect the decision of a party to use the subpoena process provided for in the Delaware Workers' Compensation Statute.[4] Since the decision to call a witness is not one for the Board to make, when the claimant's counsel is satisfied that a witness is needed, the Board cannot refuse to issue a subpoena.[5] In Garrison's case, it is undisputed that the Board erred, as a matter of law, by not issuing the subpoenas requested by Garrison's attorney.[6]

### Subpoena Error Not Harmless

San Del Packing argues that the Board's legal error, in refusing to issue the subpoenas requested by Garrison, was harmless. San Del Packing relies upon *Torres* in support of that contention. In *Torres*, the Board's legally erroneous failure to issue subpoenas was held to be harmless because "inquiry into the availability of jobs was irrelevant . . . since the Board had not concluded that [Torres] had established that she was a displaced worker."[7]

3. *Adams v. Shore Disposal, Inc.*, Del.Supr., 720 A.2d 272 (1998); *Torres v. Allen Family Foods*, Del.Supr., 672 A.2d 26 (1995). Accord *Kelley v. ILC of Dover, Inc.*, Del.Super., C.A. No. 97A–03–004, Ridgely, P.J., 1997 WL 817847 (Oct. 31, 1997); *aff'd ILC of Dover, Inc. v. Kelley*, Del.Supr., No. 523, 1997, Holland, J., 1998 WL 465133 (June 25, 1998). *Bythway v. Super Fresh Food Markets, Inc.*, Del.Supr., 737 A.2d 529 (1999) (ORDER).

4. *Torres v. Allen Family Foods*, 672 A.2d at 32, (citing *Moore v. Fulton Paper Co.*, Del.

Supr., 663 A.2d 488 (1995)). Accord *Adams v. Shore Disposal*, Del.Super., 720 A.2d 272 (1998); *Bythway v. Super Fresh Food Markets, Inc.*, Del.Supr., 737 A.2d 529 (1999) (ORDER).

5. *Torres v. Allen Family Foods*, 672 A.2d at 32.

6. *Id.*

7. *Torres v. Allen Family Foods*, Del.Supr., 672 A.2d 26, 32 (1995).

At issue in this appeal is San Del Packing's second petition to terminate Garrison's total disability benefits. Garrison's situation is distinguishable from the facts in *Torres* because the Board held that Garrison had conclusively established she was a displaced worker in 1993. Therefore, the basis for San Del Packing's second petition was its contention that Garrison's status as a displaced worked had changed.

■ The Board must comply with reasonable requests for the issuance of subpoenas.[8] When San Del Packing sought to terminate Garrison's benefits in 1996, the burden of proof was upon San Del Packing to demonstrate the current availability of employment within Garrison's capabilities.[9] It was reasonable and logical for Garrison to want to cross-examine the persons who San Del Packing contended had a job available for her in 1995 and 1996, especially since there had been no change in her medical condition since 1993.

■ The exclusion of relevant, material, and competent evidence by the Board is grounds for reversal, if that refusal is prejudicial.[10] Since Garrison had previously established her status as a displaced worker to the Board's satisfaction in 1993, due process required that Garrison have the opportunity to exercise her right to subpoena and cross-examine the employers identified by San Del Packing Company as having jobs for her in 1995 and 1996.[11] The Board's refusal to issue the subpoenas requested by Garrison was not harmless error.[12]

### Conclusion

The judgment of the Superior Court is AFFIRMED.

8.  *Id.*

9.  *Id.*

10.  *Adams v. Shore Disposal, Inc.,* Del.Supr., 720 A.2d 272 (1998).

11.  *Id.* Accord *Bythway v. Super Fresh Food Markets, Inc.,* Del.Supr., 737 A.2d 529 (1999) (ORDER).

12.  *Adams v. Shore Disposal, Inc.,* Del.Supr., 720 A.2d 272 (1998).