IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

FAITH ALLEN,                         )
                                     )
    Employee – Appellant,        )
                                     )
        v.                   )    C.A. No. N14A-04-007 JAP
                                     )
CERAMIC PROTECTION                   )
CORP OF AMERICA,                     )
                                     )
    Employer – Appellee,         )
                                     )

**<u>ORDER</u>**

1. This is an appeal from a decision of the Industrial Accident Board (the "Board") granting the employer's Petition for Review seeking termination of the employee's total disability benefits.

2. The employee, Ms. Allen, suffered neck and upper extremity injuries in a work-related accident in 2006 while employed at Ceramic. Following her industrial accident, Ms. Allen underwent several surgeries on her upper extremities, as well as a surgical fusion of three vertebrae in her neck at her C5-C6 and C6-C7 levels. Her continued complaints of pain resulted in a second surgical procedure on her neck. Both the fusion surgery and its revision were performed by Bruce Rudin, M.D., who testified by way of deposition at the hearing before the Board. Dr. Selina Xing, who is board certified both in pain management and in physical medicine and rehabilitation, is managing Ms. Allen's treatment for pain.

3. Ms. Allen apparently became either dependent on, or addicted to, pain killing drugs during the course of her treatment. At the time of the hearing her daily drug intake included 40 mg.[1] of oxycontin, twice daily, and 15 mg. of oxycodone, also twice daily. Her other routine[2] medications included Neurotonin (a nerve stabilizer), Zanaflax (a muscle relaxant and pain killer), Nortriptyline (for sleep and pain) and lidocaine lotion (for pain). Both sides agree that she was prescribed these drugs as a result of her industrial accident.

4. The Industrial Accident Board concluded after the March 19, 2014 hearing that Ms. Allen was no longer totally disabled. The heart of this dispute is Ms. Allen's contention that in reaching its conclusion the "Board ignored evidence that [she] needed treatment that would interfere with her ability to find employment."[3]

5. The elements Ceramic needs to prove to support its petition are straightforward:

> After filing a petition to terminate an employee's total disability benefits, a former employer bears the initial burden of demonstrating that the employee is no longer totally incapacitated for the purpose of working. If the employer satisfies that burden, the employee must show that she is a "displaced worker."[4]

---

[1]   The Board's opinion stated Ms. Allen was taking 40 mg. of oxycontin twice a day. *Allen v. Ceramic Prot. Corp.*, IAB Hearing No. 1289503, at 4 (Mar. 19, 2014). The underlying deposition testimony was that she was taking 60 mg. twice a day. (Claimant's Ex. 1 at 13). The discrepancy is immaterial to the issues presented in this appeal.

[2]   The listed medications were prescribed either for daily use or on as needed basis. *See Allen*, IAB Hearing No. 1289503 at 7.

[3]   Appellant's Opening Br. at 5.

[4]   *Torres v. Allen Family Foods*, 672 A.2d 26, 30 (Del. 1995) (internal citation omitted).

According to the Delaware Supreme Court, a claimant is a "displaced worker" when:

> [S]he is so handicapped by a compensable injury that she will no longer be employed regularly in any well known branch of the competitive labor market and will require a specially-created job if she is to be steadily employed. The employee's physical impairment, coupled with other factors such as the injured employee's mental capacity, education, training, or age may constitute a *prima facie* showing that the employee is displaced. However, even if there is insufficient evidence for the employee to show that she is *prima facie* displaced, she is a displaced worker and deemed "totally disabled" for the purposes of the Delaware Workers' Compensation Law if she has made reasonable efforts to secure suitable employment which have been unsuccessful because of the injury. Assuming that the employee can demonstrate that she is displaced, the burden shifts back to the employer to show the availability of work within the employee's capabilities.[5]

Ms. Allen contends the Board erred in finding she was a displaced worker because it did not take into account that she will be unavailable for work if and when she enters an in-patient drug rehabilitation program.

6. The premise of Ms. Allen's appeal—the Board did not take into account that she would not be available for work when she underwent inpatient rehabilitation—is incorrect. The Board found that Ms. Allen

---

[5] *Id.* (citations and internal quotation marks omitted).

3

"appeared alert and showed no overt ill effects of her medications."[6] Based on Ms. Allen's own admission the Board found that she is capable of driving. Moreover, the Board's opinion stated "there is no reason [Ms. Allen] cannot physically return to work with the restrictions outlined by [Ceramic's physician expert]."[7] The Board was not persuaded that Ms. Allen would, in fact, pursue a course of inpatient rehabilitation.[8]

7. Ms. Allen's misplaced argument is explained by the fact that the Board's key findings in this respect were on page 19 of its opinion and the Board inadvertently failed to include that page in the copies it sent to counsel. The paragraph breaks on pages 18 and 20 of the Board's opinion were such that it would not have been immediately obvious that a page was missing. The court understands, therefore, why the parties may have assumed that there was no page 19 and that the pages following page 18 were simply misnumbered. In any event, Ms. Allen's counsel did not learn of the missing page 19, with its key findings, until after they filed her opening brief.

8. Ms. Allen learned of the missing page 19 before filing her reply brief. In her reply brief she acknowledged that the Board considered her need for rehabilitation. She argued, instead, that the Board incorrectly decided that Ms. Allen was in not in need of rehabilitation and incorrectly

---

[6] *Allen*, IAB Hearing No. 128903, at 19.
[7] *Id.*
[8] *Id.*

4

concluded that she would not participate in inpatient rehabilitation. According to Ms. Allen, "[t]his is against the weight of the evidence."[9]

9. But in an appeal from the Industrial Accident Board this court may not weigh the evidence or make judgments about the credibility of witnesses.[10] That function is reserved for the Board. Rather, this court's role is limited to whether the Board has committed an error of law and whether there is substantial evidence to support the Board's factual findings.[11] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12]

10. There is substantial evidence to support the Board's conclusion that Ms. Allen failed to show she would undergo inpatient rehabilitation. She had not undertaken any rehabilitation efforts by the time the Board conducted its hearing. According to his office notes, Dr. Rudin, recommended to Ms. Allen that she see a drug rehabilitation specialist, but Ms. Allen did not do so.[13] Dr. Gelman, Ceramic's expert, testified that a simple return to work would be therapeutic for Ms. Allen insofar as her rehabilitation efforts are concerned.[14] He also testified there were rehabilitation options in which Ms. Allen could both work and undergo

---

[9]   Appellant's Rep. Br. at 3.
[10]  *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (1965).
[11]  *Person-Gaines v. Pepco Holdings, Inc,* 981 A.2d 1159, 1161 (Del. 2009).
[12]  *Olney v. Cooch,* 425 A.2d 610, 614 (Del. 1981).
[13]  Ms. Allen denied that Dr. Rudin ever recommended that she see drug rehabilitation physician. Hr'g Tr. at 68-69. The Board was free to reject her testimony and accept the accuracy of Dr. Rudin's notes.
[14]  Employer's Ex. 1 at 33.

rehabilitation.[15]   In short, there was substantial evidence to allow the Board to conclude that Ms. Allen's avowed desire to now undertake rehabilitation would not prevent her from working.   The court will therefore not disturb the Board's finding that Ms. Allen is not a displaced worker.

Wherefore the judgment of the Industrial Accident Board is **AFFIRMED.**

|  | |
| --- | --- |
|  | John A. Parkins, Jr. |
| Dated: December 02, 2014 | Superior Court Judge |

oc:   Prothonotary
cc:   Donald E. Marston, Esquire, James R. Donovan, Esquire,
       Bear, Delaware – Counsel for Employee-Appellant
       Christine O'Connor, Esquire, Benjamin K. Durstein, Esquire,
       Wilmington, Delaware – Counsel for Employer-Appellee

---

[15]   *Id.* at 33-37.