512 A.2d 797

Arlene Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 16, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Christine E. Wright,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 23, 1986:

Arlene Miller appeals an Unemployment Compensation Board of Review order upholding a referee's decision which denied her benefits due to willful misconduct. Section 402(e) of the Unemployment Compensation Law (Act).[1] We vacate and remand.

Miller, a waitress and bartender, was discharged for leaving work at 11:45 p.m. on December 31, 1984. At Miller's request the Board subpoenaed the timecards of all other employees who worked the night of December

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

31, 1984-January 1, 1985.[2] The employer failed to produce these timecards at the referee hearing. Neither the referee nor the Board took any action to have the subpoena enforced.[3] The employer's manager testified that Miller was discharged because she left work early without permission and left him shorthanded on the busiest night of the year.

Where the referee or Board refuses to seek enforcement of a subpoena, our scope of review is limited to determining whether there was an abuse of discretion or an error of law. *See Jones v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 97, 447 A.2d 1136 (1982).

Miller contends that the referee and Board erred by taking no measures to enforce the subpoena for the employees' timecards. We agree.

Two decisions are pertinent. In *Unemployment Compensation Board of Review v. Stiles,* 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975), we held that the Board erred by not requiring the testimony of the claimant's foreman where the claimant was discharged for allegedly threatening the foreman. In *Fernandes v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 79, 416 A.2d 644 (1980), we held that a referee erred in refusing the claimant's request to subpoena two co-workers to testify on whether the

---

[2] Section 506 of the Act, 43 P.S. §826, empowers the Board to issue a subpoena to compel, *inter alia,* "the production of books, papers, correspondence, memoranda, and other records deemed necessary as evidence in connection with a disputed case or the administration of this act."

[3] Section 507 of the Act, 43 P.S. §827, authorizes the Board or its duly authorized agent (the referee) to petition the common pleas court for the county in which the claim is situated, or in which the person to whom the subpoena is addressed resides, to direct the production of subpoenaed records.

claimant was unjustifiably reprimanded, thereby providing necessitous and compelling cause for his quit. This Court stressed in both decisions that the missing evidence was highly relevant and necessary for a proper claim determination.

Likewise, the timecards sought by Miller are highly relevant to whether her actions constituted willful misconduct. The timecards would tend to either substantiate or contradict the manager's assertions that he was shorthanded the night of December 31st-January 1st and that everyone else worked until 2:00 or 3:00 the following morning. No other documentary evidence in the record indicates which employees worked that night and when they left work. The timecards are essential to determining whether Miller's conduct was in disregard of her employer's interests and thus constituted willful misconduct.

We hold that the referee and Board erred as a matter of law by failing to take steps to enforce the subpoena issued to the employer because it directed the production of highly relevant and non-duplicative documentary evidence essential to a proper determination of Miller's claim. The Board's order is vacated and the case is remanded to the Board with directions to commence proceedings for enforcement of this subpoena. Thereafter, new findings and conclusions of law based on the record as supplemented by the employee timecards are to be made.[4]

ORDER

The Unemployment Compensation Board of Review order, No. B-240968 dated June 12, 1985, is vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

[4] Because we are remanding to the Board for a new decision, we will not address Miller's remaining contentions.