525 A.2d 1279

Margaret Zukoski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 21, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Robert J. Farrell,* for petitioner.

*Samuel H..Lewis,* Associate Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, May 21, 1987:

Margaret Zukoski (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying her benefits under Section 402(b) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (voluntary quit without necessitous and compelling cause). We affirm.

The Board found that when the claimant was hired as a bartender, she was told that she was to keep the bar area clean and neat; that two other bartenders were also employed who, in addition to their bartending, did whatever they were asked to do by the employer; and that on her last day of work, claimant voluntarily quit her job after she refused the employer's request to clean the floor in front of her bar.

Prior to the referee's hearing, claimant submitted a written request to the referee for fourteen subpoenas directed to the employer, the bartenders, waitresses,

cook, custodian and four customers. In her request, claimant also sought production of all the employer's telephone records for the months of June, 1984 through October, 1984; all correspondence directed to the bartender's school claimant had attended; and all writings, memoranda and correspondence "to, from, or regarding in any way to [sic] (the employer). . . ." The referee ruled that only the testimony of the employer and claimant's fellow bartender would be relevant to claimant's contention that she was discriminated against and dismissed claimant's request for the other subpoenas.

On appeal, claimant contends that the referee erred in refusing to grant her request for additional subpoenas. She argues that the subpoenas are essential to her proving that the employer harassed and discriminated against her, *inter alia,* by requiring her to clean the floor in front of her bar.

Pursuant to Section 506 of the Act, 43 P.S. §826, the referee and the Board are empowered to issue subpoenas "to compel the attendance of witnesses and the production of . . . [documents] deemed necessary as evidence in connection with a disputed claim." While it is, of course, true that the referee has the absolute duty to subpoena witnesses necessary for a proper final determination, *Farmland Industries, Inc. v. Unemployment Compensation Board of Review,* 84 Pa. Commonwealth Ct. 57, 478 A.2d 524 (1984), such is not the case here. Both bartenders in claimant's job classification testified at the referee's hearing, and the one subpoenaed by the claimant testified in the employer's favor. Neither presented testimony which supported claimant's contentions. The additional subpoenas claimant requests were directed to other employees, whose job classifications were different from the claimant's, as well as non-

employees. Such subpoenas would, at most, provide merely cumulative testimony concerning claimant's version of the facts asserted here. We believe the referee acted properly in limiting the subpoenas in this case to another employee in claimant's job classification and the employer who was present at the time of the incident in question. The number and the scope of the subpoenas requested suggest that they were more in the nature of a fishing expedition and for purposes of harassment than in the interest of obtaining a fair hearing. We, therefore, hold that the referee committed no error of law, nor abused his discretion in refusing to issue the subpoenas. *See Miller v. Unemployment Compensation Board of Review*, 99 Pa. Commonwealth Ct. 137, 512 A.2d 797 (1986).

Our decision is reinforced by the fact that claimant does not challenge any of the Board's findings which, taken together, reflect that no discrimination was present. Furthermore, assuming arguendo, that the employer's request to wash the floor in front of the bar was beyond the tasks of claimant's job description, mere resentment of a work assignment does not constitute sufficient cause of necessitous and compelling nature for voluntarily quitting employment. *Ehmann v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 18, 483 A.2d 587 (1984).

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, May 21, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.