532 A.2d 535

Howard R. Hamilton, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 9, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Robert Senville,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Chief Counsel, for respondent.

Opinion by Judge Colins, October 22, 1987:

Howard R. Hamilton (petitioner) seeks review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision denying petitioner benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Specifically, petitioner was fired by Wackenhut Corporation (employer) for alleged insubordination on the work site.

Petitioner's major defense to these accusations is that the insubordination did not occur and that he was fired due to prior complaints made to various local and state agencies concerning his denial of a promotion based solely on racial reasons.

In his petition for review, petitioner is seeking a remand based upon a single assignment of error that the referee erred as a matter of law or abused his discretion when he denied petitioner's request to subpoena an in-

vestigative officer of the Human Relations Commission of the City of Reading. The Board's opinion does not indicate whether or not the request for the subpoena was granted or denied by the referee. Initially, we must remand to the Board for a finding on this critical issue due to apparent inconsistencies in the record.

The record contains an exhibit, marked R-4, which is a letter dated October 29, 1985, from petitioner's attorney to referee Matthew J. Ercolino of the Board. This letter, stamped as received by the referee's office on October 29, 1985, states in pertinent part:

> This letter confirms that on October 29, 1985, I called your office and requested a subpoena be issued upon Carlos Soto, an investigative officer of the Human Relations Council of the City of Reading. The address of the Human Relations Council is 230 North 5th Street, Room 901, Reading, Pennsylvania, 19601. This subpoena would be issued in the case of Howard R. Hamilton, 434 Buttonwood Street, Reading, Pennsylvania, 19601, whose hearing is scheduled for October 31, 1985 at 10:15 a.m.

> This letter further confirms that I explained my reasons for requesting this subpoena to your office. Specifically, the testimony to be presented by Mr. Soto would indicate that the employer's reason for discharging Mr. Soto as explained to the Human Relations council is different than the employer's reason for terminating Mr. Soto as explained to the Office of Employment Security. These contradictions would appear to be relevant in regard to Mr. Hamilton's unemployment compensation claim.

This letter was apparently sent as a result of a telephone request, made by petitioner's counsel, Robert Senville, which was logged at the Board's office on Octo-

ber 29, 1985, at 2:30 p.m. The log entry of this telephone call, marked referee exhibit no. 3, states in pertinent part:

> MESSAGE: Requested subpoena for a Carlos Soto, Investigative Officer at Human Relations Council of Rdg. Reason: The employer has suggested a different reason for terminating the claimant than what the Investigative Officer has found. The Invest. Officer will not attend hrg. w/o subpoena and *may not* attend hrg. w/o subpoena.
>
> RESPONSE: Referee denied subpoena and Attorney Senville so notified.

However, the referee, on page 1 of the notes of testimony, states: "The referee didn't deny the request and that was relayed to counsel." Unfortunately, the Board has made no finding concerning this critical disparity. Therefore, we must remand to the Board for an initial finding as to whether the attorney for petitioner requested said subpoena and it was denied, or whether said subpoena was issued and the attorney chose instead to simply not call the investigator.

Furthermore, in the interest of judicial and administrative economy, we shall direct the Board to issue a subpoena for the investigative officer and conduct a hearing upon remand to allow the testimony of the investigator if, in fact, petitioner's request for a subpoena was denied by the referee.

The regulation concerning the issuance of subpoenas is found at 34 Pa. Code §101.31, which states:

> The issuance of subpoenas to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records and documents, may be obtained on application to the Board, referee, or at any local employment office. In no case shall a subpoena

be issued to require the appearance of a witness before the tribunal unless his residence is within 100 miles of the place fixed for his appearance.

This Court has recently held that the referee or Board, in their discretion, may refuse to issue a subpoena where the subpoenas were being requested for purposes of harassment or to commence a "fishing expedition." *Zukoski v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 270, 273, 525 A.2d 1279, 1280 (1987). However, nothing in *Zukoski* relieves the Board of its obligation to issue subpoenas in cases where the issuance of the subpoena would lead to relevant and probative testimony. *See Miller v. Unemployment Compensation Board of Review*, 99 Pa. Commonwealth Ct. 137, 512 A.2d 797 (1986). This would be particularly true in the instant matter, wherein the petitioner alleges that he was terminated for expressing his opinion that he was passed over for promotion as a result of racial bias.

In the instant matter, the Board was supplied with information that a governmental witness would produce testimony directly contradictory to that of the employer. They were also informed that this witness would not appear without a subpoena. Therefore, based upon the offer of proof, it would have been an abuse of discretion and a denial of due process to not issue the subpoena.

Accordingly, this matter is remanded to the Board for further proceedings consistent with this opinion.

ORDER

AND NOW, this 22nd day of October, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.