552 A.2d 774

Paul Beamer, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 23, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Alba E. Martinez,* for petitioner.

*Gary L. Kelley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE McGINLEY, January 23, 1989:

Paul Beamer (Beamer) appeals from a decision of the Unemployment Compensation Board of Review (Board) affirming the Referee's denial of benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law),[1] 43 P.S. §802(b). We affirm.

Beamer was last employed as a painter by Stirring Rod Painting (Employer) for approximately seven months, and his last day at work was October 10, 1986. On October 13, 1986, Beamer did not report to work due to illness. Beamer advised Employer that he would not be working during that work week. After he recovered, Beamer attempted to reach Employer to obtain a work assignment, leaving several messages with an answering service, and with a fellow employee, Paul Brady (Brady). Employer attempted to reach Beamer, but was unable to do so. Beamer subsequently assumed that his services were no longer required and he applied for unemployment compensation benefits.

The Office of Employment Security (OES) denied benefits based upon section 402(b) of the Law, 43 P.S. §802(b), levied a fault overpayment based upon Section

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

804(a) of the Law, 43 P.S. §874, and levied four penalty weeks under Section 801(b) of the Law, 43 P.S. §871.

Beamer appealed the OES determination and a hearing was scheduled for March 9, 1987, before a Referee. Prior to the hearing, Beamer requested and received two subpoenas,[2] one subpoena for records from the answering service of calls he allegedly made to the Employer, and the other subpoena for Brady. Neither Brady nor a representative for the answering service appeared. The parties dispute the reasons for the witnesses' absence. Employer testified that the answering service was unable to supply the requested documents because they had been destroyed. Employer also testified that Beamer told Brady that his presence would not be needed if he signed a statement. Beamer contends that Employer prevented the witnesses from attending the hearing. Beamer never requested that the subpoenas be enforced, and the Referee did not take action to have the subpoenas enforced.[3]

The Referee affirmed the OES determination and denied benefits pursuant to Section 402(b) of the Law, but the Referee modified the fault overpayment to a nonfault overpayment and assessed no penalty weeks. Beamer appealed to the Board, which affirmed the

---

[2] Section 506 of the Act, 43 P.S. §826, empowers the Department and the Board to issue a subpoena to compel "the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records deemed necessary as evidence in connection with a disputed case or the administration of this act."

[3] Section 507 of the Act, 43 P.S. §827, authorizes the Board or its duly authorized agent (the Referee) to petition the common pleas court for the county in which the claim is situated, or in which the person to whom the subpoena is addressed resides, to direct the production of subpoenaed records.

34 Pa. Code §101.34 provides that a party to the appeal proceedings may request the Board to petition a court of common pleas to require the appearance of the person subpoenaed.

Referee's decision and denied Beamer's request that the record be remanded for additional testimony.

Beamer raises only one issue on appeal, that the Referee's failure to advise Beamer of his right to enforcement of the subpoenas constituted a denial of a full and fair hearing in violation of due process and of Section 507 of the Law, 43 P.S. §827. Where the Referee or Board refuses to seek enforcement of a subpoena, our scope of review is limited to determining whether there was an abuse of discretion or an error of law. *Miller v. Unemployment Compensation Board of Review*, 99 Pa. Commonwealth Ct. 137, 512 A.2d 797 (1986).

Beamer maintains that this matter is factually similar to *Miller*. In that case the claimant was discharged for leaving work early and leaving the employer shorthanded on his busiest night of the year. The Board issued a subpoena for the timecards of other employees, but they were not produced. This Court held in that matter that the Referee and the Board erred as a matter of law by failing to take steps to enforce the subpoena issued to the employer because the timecards would tend to either substantiate or contradict the manager's assertions that the claimant's actions left him shorthanded on the night of the incident. We held that such evidence would be "highly relevant and non-duplicative." *Miller* at 140, 512 A.2d at 799.

The considerations in the present controversy are entirely different. Not only would the testimony of the missing witnesses and documents be duplicative of evidence already of record, but the allegations which Beamer states they would corroborate are not even in dispute. Beamer testified that he left messages with his Employer's answering service numerous times, but that the Employer never returned his calls.[4] Beamer alleges

---

[4] Notes of Testimony, March 9, 1987, (N.T.) at 4-5, 7.

that the "witnesses and documents would have elaborated upon and substantiated his 'good faith' and reasonableness by establishing the numerous contacts made with the Employer's answering service, and the numerous contacts made through a coworker, Paul Brady, with no response from the employer."[5]

Beamer's efforts to contact Employer are not in dispute. Employer acknowledged that Beamer had attempted to reach him, both via the answering service and Paul Brady.[6] Beamer introduced into evidence the hearsay statement of Paul Brady without objection by Employer.[7] The Board and the Referee found that Beamer had left a message advising Employer that "he wished the employer to get back to him regarding his return to work."[8] Beamer's lack of good faith in attempting to return to work was not based on a failure to contact the Employer; Beamer failed to preserve the employment relationship by either appearing at the work site or personally contacting the Employer. Beamer merely requested that Employer telephone him, but he was not present to receive the numerous calls which Employer placed.[9]

We agree with the Board's contention that this matter is factually similar to the case of *Ehmann v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 18, 483 A.2d 587 (1984). In that case the claimant claimed that she was compelled to quit her job as a result of sexual harassment. The witness she subpoe-

---

[5] Beamer's brief at 12.

[6] N.T. at 9-11.

[7] Record Item No. 8, E-1.

[8] Referee's decision, Finding of Fact No. 5., adopted by the Board.

[9] Referee's Finding of Fact No. 8, adopted by the Board. N.T. at 9-12, 15-16. Employer attempted to reach Beamer by telephone at least seven times. N.T. at 10.

naed refused to appear, but the Referee did not advise her that the Board could take steps to have the subpoena enforced. We held that the Referee's failure to notify her of his ability to enforce a subpoena was harmless error, stating as follows:

> Even if the witness had testified, confirming all claimant had alleged, this testimony would have only been cumulative. There was no factual dispute between claimant and her employer as to the events surrounding her departure. Therefore, the witness's appearance would not have altered the outcome.

*Ehmann* at 22, 483 A.2d at 589.

In the matter *sub judice,* the Referee's failure to notify Beamer of the Board's ability to enforce the subpoenas was harmless error.[10] Consequently, as the Board's Findings of Fact and legal conclusions are unchallenged and undisputed we affirm the decision of the Board.

## ORDER

AND NOW, this 23rd day of January, 1989, the decision of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[10] Our holding eliminates any need to remand for the Board to determine whether Employer improperly prevented the witnesses from appearing or whether Beamer was himself responsible for Brady's absence.