Abigail V. BROWN, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 16, 2001.

Decided July 23, 2001.

---

Abigail V. Brown, petitioner, pro se.

Carol J. Mowery, Harrisburg, for respondent.

BEFORE: SMITH, J., FRIEDMAN, J. and McCLOSKEY, Senior Judge.

SMITH, Judge.

Abigail Brown petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of an Interstate Claims Office referee denying benefits to Brown after finding that she voluntarily quit work without cause of a necessitous and compelling nature pursuant to Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week in which the employee's unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Brown questions whether the

Board erred in determining that she did not have cause of a necessitous and compelling nature for voluntarily leaving her employment.

## I

Brown was employed as a conciliation specialist (GS 11) with the United States Department of Justice Community Relations Service (CRS) from July 5, 1998 to November 20, 1999. A conciliation specialist mediates incidents in the community involving race or national origin. Brown began her position in the CRS San Francisco office. Brown was transferred in October 1998 to the Philadelphia office against her wishes and was relocated pursuant to an authorized relocation voucher for payment of her relocation expenses. Because Brown failed in her efforts to resolve the racial discrimination and hostile work environment complaints regarding her own employment in Philadelphia, including the financial hardship forced upon her due to the agency's refusal to fully reimburse her relocation expenses, Brown quit her job effective November 20, 1999. The Interstate Claims Office denied Brown's claim for unemployment benefits on January 18, 2000 pursuant to Section 402(b) of the Law.

Brown appealed to the referee. She testified before the referee, among other facts, that her supervisor made constant racially derogatory statements to her concerning the reasons for bringing her into the Philadelphia office and that her co-worker refused to assist Brown and made repeated outbursts in the office. On one occasion the co-worker ran from the office slamming the door and caused office damage. She also testified that the CRS failed to give her required performance evaluations; failed to reimburse her entire relocation expenses previously authorized, which caused financial burdens; and re-fused to transfer her or to promote her as promised in San Francisco. The agency only reimbursed Brown $3,000 of her relocation debt, leaving $5,000 in unpaid relocation expenses, and it failed to pay the remainder. Brown also was required to advance her routine work-related travel expenses, including airfare and hotel costs, despite the CRS' slow reimbursement to Brown of these expenses, causing further financial burdens.

Brown made numerous efforts to resolve her situation, and beginning in March 1999 she began writing to her supervisor, to the agency head in Washington, D.C. and to the general counsel requesting intervention in securing her relocation reimbursements and in resolving her other complaints. She also participated in EEO counseling. Brown quit two weeks after again requesting help from her supervisor, inter alia, in securing payment of her relocation expenses and in resolving her discrimination complaints and the agency's failure to provide her the promised grade increase. The supervisor offered no assistance in resolving the matters.

Brown was the only party to present evidence before the referee; the CRS received notice but did not participate. Brown testified that her work environment caused her to suffer internal bleeding and migraine headaches, requiring medical attention and medication. The referee stated that Brown's testimony was the only competent evidence of record. He concluded nonetheless that Brown did not have a necessitous and compelling reason for resigning because there were no changes in the terms and conditions of her employment, the co-worker who created a hostile work environment resigned prior to Brown's leaving and there was no indication that the CRS's failure to evaluate Brown had a negative impact on her employment. The Board affirmed the refer-

ee, stating that Brown's testimony merely showed dissatisfaction with her job; she therefore failed to establish that she voluntarily quit her job for a necessitous and compelling reason.

## II

■ Ordinarily, the Court must affirm the Board's decision unless the Court finds that it is in violation of Brown's constitutional rights, is not in accordance with the law or if any of the necessary findings of fact are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). This standard, however, applies to proceedings in which both parties present evidence as demonstrated in *McGovern.* If no evidence was presented to support the prevailing party, then there is no evidence upon which to apply the substantial evidence test; the appropriate scope of review therefore is whether the agency erred as a matter of law or capriciously disregarded competent evidence. *Odgers v. Unemployment Compensation Board of Review,* 514 Pa. 378, 525 A.2d 359 (1987); *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988). Accordingly, the capricious disregard test applies here.

■ Whether an employee has cause of a necessitous and compelling nature to quit employment is a legal conclusion subject to appellate review. *Anchor Darling Valve Co. v. Unemployment Compensation Board of Review,* 143 Pa.Cmwlth. 171, 598 A.2d 647 (1991). In order to show necessitous and compelling cause, the claimant must establish that circumstances existed which produced real and substantial pressure to terminate the claimant's employment; like circumstances would compel a reasonable person to act in the same manner; the claimant acted with ordinary common sense; and the claimant made a reasonable effort to preserve his or her employment. *Fitzgerald v. Unemployment Compensation Board of Review,* 714 A.2d 1126, 1129 (Pa.Cmwlth.1998).

■ There is no question that harassment or racial discrimination may constitute necessitous and compelling cause to terminate one's employment. *The Mercy Hospital of Pittsburgh v. Unemployment Compensation Board of Review,* 654 A.2d 264 (Pa.Cmwlth.1995); *Watts v. Unemployment Compensation Board of Review,* 49 Pa.Cmwlth. 279, 410 A.2d 976 (1980). Moreover, a substantial unilateral change in the terms and conditions of employment also may furnish cause of a necessitous and compelling nature to justify one's voluntary termination from employment. *Shrum v. Unemployment Compensation Board of Review,* 690 A.2d 796 (Pa. Cmwlth.1997).

Brown states that she clearly provided in her claimant's questionnaire and in her testimony those work conditions that forced her to quit her job, and they constituted necessitous and compelling cause for her to do so. Brown took numerous steps to resolve her dilemma and quit only after she believed that the CRS would not act on her complaints. After numerous contacts with her superiors, Brown never received reimbursement of her unpaid relocation expenses, a promotion or resolution of her discrimination complaints. Brown asserts that she used common sense in quitting her job, that she made a reasonable effort to preserve her employment and that she had no other choice but to leave. The Board asserts that it did not disregard competent evidence. The Board's contention, however, that it properly denied benefits to Brown simply lacks merit.

Upon a review of the entire record in this case, the Court is convinced that the Board capriciously disregarded competent evidence, as well as case law, to find that Brown did not meet her burden of proof. The record documents Brown's numerous efforts to resolve her problems over several months but to no avail. Brown acted with ordinary common sense and prudence and quit months later only after she found no resolution to her complaints. *See Homan v. Unemployment Compensation Board of Review*, 107 Pa. Cmwlth. 172, 527 A.2d 1109 (1987). The record supports the conclusion that Brown took reasonable steps to resolve her complaints and to remain employed with the agency. Because the Board capriciously disregarded the competent evidence in this record which establishes that Brown had necessitous and compelling cause to terminate her employment, the Court is compelled to reverse the order of the Board.

### *ORDER*

AND NOW, this 23rd day of July, 2001, the order of the Unemployment Compensation Board of Review is reversed.