IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William E. Bonney,      :
            : No. 1228 C.D. 2016
       Petitioner : Submitted: November 4, 2016
            :
      v.     :
            :
Unemployment Compensation  :
Board of Review,     :
            :
      Respondent :


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK       FILED: April 7, 2017


    William E. Bonney (Claimant) petitions *pro se* for review of the July 5, 2016 order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's determination that Claimant is ineligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]  We affirm.

    Claimant was employed by D&W Fine Pack (Employer) beginning in September 2015.  At the time of his separation from employment, Claimant was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). Section 402(b) provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

working as a full-time department supervisor earning $66,000.00 per year. On April 11, 2016, Claimant resigned from his employment, effective immediately. Findings of Fact (F.F.) Nos. 1-3.

Claimant filed for unemployment benefits on April 12, 2016, citing transportation problems as the reason for the separation. The local service center determined that Claimant was eligible for benefits. Employer timely appealed this determination, asserting that Claimant had not provided any reason for his resignation, either verbally or in his resignation letter. Employer stated that Claimant never notified anyone that he was having transportation issues.

A referee held a hearing on May 31, 2016. Celine Severino, Employer's human resources manager, was present and Claimant participated by telephone. Claimant testified that the primary reason he quit was that he did not have any means of transportation. He also cited personnel issues and personality issues as reasons that motivated him to separate from Employer. Claimant admitted that he did not reveal any of these issues to Employer, even when pressed. Claimant also did not cite personnel or personality issues in his application for unemployment benefits. Notes of Testimony (N.T.), May 31, 2016, at 4-9.

Servino confirmed Claimant's testimony that he had declined to give specifics as to the reason for his resignation and that his resignation was immediately accepted. She also testified that, other than on one occasion the previous year, Claimant had never informed Employer regarding any transportation issues. N.T. at 9-10.

The referee found that Claimant gave Employer no reason for his resignation and that he never complained to Employer's human resources

2

department regarding workplace issues or that he was considering resigning. The referee found that prior to actually resigning, Claimant never told anyone at his workplace that he was thinking of resigning. Even when pressed at the time of his resignation, Claimant refused to provide any details or any reason as to why he was resigning. F.F. Nos. 4-7. The referee concluded that Claimant was ineligible for benefits under Section 402(b) because he had voluntarily quit his employment without necessitous and compelling cause.[2]

Claimant appealed to the Board, challenging the referee's findings and again asserting personnel and transportation issues as the reason for his resignation. The Board affirmed the referee's decision, adopting and incorporating the referee's findings and conclusions.

On appeal to this Court,[3] Claimant argues that the Board erred in finding him ineligible for benefits. He asserts that he had good cause to quit as the result of stress, fatigue, and ongoing transportation issues.

---

[2] The referee also noted that Claimant's refusal to provide any specific reason as to why he was resigning constituted refusal of a reasonable business directive which would have made Claimant ineligible under Section 402(e) of the Law as well. Under Section 402(e), a claimant is ineligible for benefits when "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." 43 P.S. § 802(e).

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987). The Board is the factfinder in unemployment compensation cases, empowered to determine credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). The Board's findings are binding on appeal if they are supported by substantial evidence. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 292, 299 (Pa. Cmwlth. 2013). "Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Guthrie v. Unemployment Compensation Board of Review,* 738 A.2d 518, 521 (Pa. Cmwlth. 1999). We view the record in the light most favorable
**(Footnote continued on next page…)**

3

Under Section 402(b) of the Law, a claimant is ineligible for unemployment benefits if he voluntarily terminates employment without cause of a necessitous and compelling nature. *Procito v. Unemployment Compensation Board of Review*, 945 A.2d 261, 262 (Pa. Cmwlth. 2008). The burden of proof is on the claimant to prove a necessitous and compelling cause, and whether such cause exists is a question of law subject to review by this Court. *Id.* at 266. To demonstrate necessitous and compelling cause, a claimant must establish that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) similar circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve his employment. *Brown v. Unemployment Compensation Board of Review,* 780 A.2d 885, 888 (Pa. Cmwlth. 2001).

Here, the Board denied Claimant benefits because it found that Claimant did not make a reasonable effort to preserve his employment. In particular, Claimant repeatedly refused to provide a specific reason for his resignation, thus denying Employer the opportunity to remedy the situation.

It is well settled that when an employee fails to take all necessary and reasonable steps to preserve his employment, he fails to meet his burden to show necessitous and compelling cause. *See Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa.

**(continued…)**

to the party prevailing before the Board and afford that party the benefit of all reasonable inferences that can be drawn from the evidence to determine if substantial evidence exists. *Big Mountain Imaging v. Unemployment Compensation Board of Review,* 48 A.3d 492, 494–95 (Pa. Cmwlth. 2012).

Cmwlth. 2006); *PECO Energy Co. v. Unemployment Compensation Board of Review,* 682 A.2d 58, 61 (Pa. Cmwlth. 1996); *Westwood v. Unemployment Compensation Board of Review*, 532 A.2d 1281, 1282 (Pa. Cmwlth. 1987).[4]

In a case very similar to this, *Porco v. Unemployment Compensation Board of Review*, 828 A.2d 426, 429-30 (Pa. Cmwlth. 2003), we held that if a claimant denies his employer the opportunity to resolve employment issues, he has failed to take reasonable steps to preserve employment. In that case, the claimant quit his job due to his manager's abusive conduct and profanity. The claimant, however, failed to speak to any upper level management regarding his manager's behavior before quitting. By providing his employer no opportunity to resolve the situation, the claimant failed to take reasonable steps to preserve his employment. Thus, we affirmed the Board's denial of benefits under Section 402(b).

After careful review of the record, we conclude the Board's findings are supported by substantial evidence. These findings support the Board's conclusion that because Claimant refused to provide Employer a reason for his resignation, he failed to demonstrate a necessitous and compelling cause for voluntarily quitting his employment.

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

---

[4] Moreover, mere dissatisfaction with working conditions or a mere personality conflict, absent an intolerable work environment, does not constitute necessitous and compelling reasons for a voluntary quit. *Magazzeni v. Unemployment Compensation Board of Review*, 462 A.2d 961, 962 (Pa. Cmwlth. 1983).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William E. Bonney,                             :
                                              : No. 1228 C.D. 2016
                        Petitioner            :
                                              :
            v.                                :
                                              :
Unemployment Compensation                     :
Board of Review,                              :
                                              :
                        Respondent            :


# O R D E R


AND NOW, this 7<u>th</u> day of <u>April</u>, 2017, the order of the Unemployment Compensation Board of Review, dated July 5, 2016, is AFFIRMED.


                        _____
                        MICHAEL H. WOJCIK, Judge