IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence V. Rossi,                          :
                    Petitioner              :
                                            :
        v.                                  :
                                            :
Unemployment Compensation                   :
Board of Review,                            :    No. 869 C.D. 2016
                    Respondent              :    Submitted: February 17, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                           FILED: December 15, 2017


        Lawrence V. Rossi (Claimant) petitions this Court for review of an April 29, 2016 order of the Unemployment Compensation Board of Review (Board) denying unemployment compensation benefits. Upon review, we affirm.

        Claimant was employed at Brandywine Heights Area School District (Employer) since 2005, and most recently worked as a teacher. (Reproduced Record (R.R.) at 70a). During the 2012-2013 school year, Claimant was on an approved medical leave due to his depression, high blood pressure and anxiety. (R.R. at 157a.) In January of 2013, Employer informed Claimant his paid medical leave and all of his sick days would be exhausted on March 11, 2013, and asked how he would like to proceed with his employment. (R.R. at 157a.) Claimant was given the option to

return to work, resign, negotiate a separation agreement,[1] or request an unpaid leave.[2] *Id.* An Income Protection Plan was available to the Claimant through the Employer in the event he chose to pursue either a separation agreement or an unpaid leave.[3] On March 7, 2013, Claimant requested a medical sabbatical, which was denied by Employer on the grounds that the Claimant did not qualify for a medical sabbatical under section 1166 of the Public School Code of 1949 (School Code).[4] *Id.* Claimant did not request an unpaid leave, or any other accommodation. *Id.*

After Claimant failed to report to work on March 11, 2013, his employer informed him that the Brandywine Heights School Board of Directors (School Board) would determine whether or not he would be dismissed for his failure to attend work. (R.R. at 158a.) At this time Claimant was also informed he had the right to a hearing, and could exercise this right by attending the June 3, 2013 meeting of the School Board. *Id.* Claimant did not attend the June 3, 2013 meeting

---

[1] A separation agreement was negotiated and drafted on behalf of Claimant by his union representative Mr. Dolan. Though Claimant assented to the terms during the negotiation period, he ultimately decided not to sign the agreement. (Certified Record (C.R.) Part VI, 9/11/2015 Transcript of Testimony (T.T.) at 42.)

[2] An unpaid leave meant Claimant's position would be held for him, but Claimant would not be paid because his leave was exhausted at that time. (C.R. Part VI, 9/11/2015 T.T. at 38.)

[3] The School District Income Protection Plan would entitle Claimant to two-thirds of his salary. (C.R., Part VI, 9/11/2015 T.T. at 49.)

[4] A medical sabbatical, unlike an unpaid leave of absence, requires the applicant to meet certain criteria before it can be granted. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1166. On medical sabbatical, Claimant would have continued to receive half of his salary and full benefits. (R.R. at 157a.) Section 1166 of the School Code requires an employee to have 5 years of satisfactory ratings before a medical sabbatical can be granted. 24 P.S. §11-1166. Claimant did not meet these requirements. (C.R., Part VI, Exhibit 272.)

and subsequently received a letter on June 7, 2013 confirming his termination as of March 12, 2013. *Id.*

On July 21, 2013 Claimant applied for unemployment compensation benefits, which were denied by the service center. (R.R. at 158a.) Claimant appealed the determination, and requested that his application for benefits be backdated from July 27 to July 6. *Id.* On appeal, the referee granted the Claimant's request for backdating, but found Claimant ineligible for unemployment compensation benefits. Claimant appealed to the Board. In a March 7, 2014 order, the Board affirmed the decision of the referee, and found that, pursuant to Section 509 of the Unemployment Compensation Law (Law),[5] which prevents a party from challenging any issue previously decided in a final decision, Claimant was barred from bringing his arguments on appeal. *Id.* Claimant appealed to this Court, which concluded Section 509 was not applicable, as Claimant raised new issues that were not decided at his previous hearings, and remanded the matter to the Board for further proceedings. (R.R. at 156a.) After conducting evidentiary hearings, the Board concluded Claimant was ineligible for benefits on the grounds that he voluntarily quit his position and was not terminated. Claimant now appeals to this Court.[6]

The sole issue before this Court is whether Claimant voluntarily quit his position, rendering him ineligible for unemployment compensation benefits.

---

[5] Act of December 5, 1936, Second Ex. Session, P.L. (1937) 2897, *as amended*, 43 P.S. § 751.

[6] In appeals from Commonwealth agencies, the Commonwealth Court is limited to considering whether constitutional rights of the petitioner were violated, whether an error of law was committed, whether agency procedures were followed, and whether there is substantial evidence to support the necessary factual findings of the agency. 2 Pa. C.S. §704.

Claimant argues he did not quit, but was terminated on March 12, 2013, when he was denied his medical sabbatical, and is therefore eligible for unemployment compensation benefits. (Claimant's Brief at 22.) Claimant cites his letter from the School Board, which made his termination effective March 12, 2013, the date after which his paid medical leave ended, and not June 3, 2013, the date of the meeting of the Board of Directors. *Id.* The retroactive termination, Claimant contends, makes the stated basis of his termination, failure to report to work, inaccurate, as on the stated date of his termination he had yet to miss any work.[7] *Id.*

In the alternative, Claimant argues he had a necessitous and compelling reason to voluntarily terminate his employment, making him eligible for benefits. (Claimant's Brief at 22.) His circumstances made it reasonable for Claimant to seek a medical sabbatical, and, Claimant contends, it was unreasonable for Employer to ask him to take an unpaid leave of absence when he needed an avenue to provide for his livelihood. *Id.* Further, Claimant maintains his "actions as spelled out in the record clearly indicate his efforts to preserve his employment." *Id.*

Employer argues Claimant voluntarily quit his employment when he failed to report for work, and did not accept Employer's offered accommodations, which included a leave of absence during which his position would be held open and he would be eligible to apply for income protection. (Employer's Brief at 8.) Employer contends that Claimant made no effort to preserve his employment, as he pursued none of the avenues offered to him by Employer, nor did he attend the June 3 School Board meeting at which he would have had an opportunity to discuss his employment status. *Id.* at 8. According to Employer, Claimant's actions show a clear intent to voluntarily quit his employment, and he does not meet the necessary

---

[7] Claimant was first recorded as absent on March 11, the date which marked the end of his available paid leave. (R.R at 76a.)

criteria to establish that he quit for a necessitous and compelling reason, as he took no steps to preserve his employment. *Id.*

A claimant is ineligible for unemployment compensation when he or she voluntarily leaves employment. *Brown v. Unemployment Compensation Board of Review,* 780 A.2d 885 (Pa. Cmwlth. 2001). A claimant has the burden of proving that his separation from employment was a discharge, and that he or she did not voluntarily quit the position. *Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review,* 648 A.2d 124, 126 (Pa. Cmwlth. 1994). A claimant who voluntarily separates may still be eligible for benefits if he or she quit for a necessitous and compelling reason. *Greenray Industries v. Unemployment Compensation Board of Review,* 135 A.3d 1140, 1144 (Pa. Cmwlth. 2016). In order to establish a necessitous and compelling reason a claimant must show that "(1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve his employment." *Id.* In unemployment compensation appeals, the Board is the ultimate finder of fact and arbiter of credibility and credibility determinations cannot be disturbed on appeal. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

In the present case, Claimant was diagnosed with depression by his doctor, and made use of his medical leave on his doctor's recommendation. (R.R. at 31a.) This was certainly reasonable. But Claimant did not submit any documentation to Employer explaining the medical reasons for his absence, and instead simply submitted a doctor's note recommending he take time off from work.

5

*Id.* Employer contacted Claimant more than once to discuss options after his medical leave was used up, including taking an unpaid leave and availing himself of the Employer's Income Protection Plan or negotiating a separation agreement. (C.R., Part VI, 9/11/2015 T.T. at 19.) Claimant failed to appear at the June 3 meeting of the School Board at which he was informed his employment status would be discussed. (R. R. at 96a.) The Board found Dr. Handler's testimony regarding the alternatives available to Claimant, and his failure to engage with the school regarding his employment status to be credible. The Board similarly found Claimant's testimony regarding his efforts to preserve his employment not credible. (Decision of the Board, April 29, 2016, page 4.) We cannot disturb the credibility findings of the Board on appeal unless arbitrarily or capriciously made. *Leon E. Wintermyer Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002). We do not find that Claimant took any steps to preserve his employment, as required by the law in order to qualify for benefits, and although this prevents his receipt of the benefits, there is nothing to prevent him from availing himself of the Employer's Income Protection Plan.

For the foregoing reasons, the order of the Board is affirmed.

_____
JOSEPH M. COSGROVE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence V. Rossi,                :
               Petitioner      :
                         :
        v.                    :
                         :
Unemployment Compensation   :
Board of Review,              :    No. 869 C.D. 2016
               Respondent   :

## O R D E R

AND NOW, this 15th day of December, 2017, the order of the Unemployment Compensation Board of Review is affirmed.


_____
JOSEPH M. COSGROVE, Judge