# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward A. DiIenno,              :
           Petitioner     :
                               :
           v.                :    No. 161 C.D. 2022
                               :    Submitted: December 4, 2023
Unemployment Compensation,    :
Board of Review,                   :
           Respondent    :

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                  **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
                  **HONORABLE ELLEN CEISLER,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: January 10, 2024**

Edward DiIenno (Claimant) petitions for review of a Decision and Order of the Unemployment Compensation (UC) Board of Review (Board) reversing a decision of a Referee that determined Claimant was not ineligible for UC benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] after he voluntarily left his employment at the County of Franklin (County) as a judicial law clerk. The Board determined that Claimant did not take reasonable steps to preserve his employment within the County. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

## I. BACKGROUND

Claimant was hired as a judicial law clerk for a one-year clerkship and began his employment on August 22, 2019. (Board's Decision, Finding of Fact (FOF) ¶¶ 1-2.) Claimant's last day of working for the County was August 28, 2020. (*Id.* ¶ 1.) Claimant subsequently filed a claim for UC benefits. Claimant explained that his position as a judicial law clerk was temporary, he applied to approximately 50 employers before his clerkship ended, and if he did not resign, it was his "understanding" that he would be discharged. (Certified Record (C.R.) at 12, 15.) The County responded that Claimant voluntarily quit and attached Claimant's resignation letter, and that Claimant could have extended his clerkship or applied to different positions in the County. (*Id.* at 17-18, 29.) A UC Service Center issued a Notice of Determination finding Claimant was ineligible for benefits under Section 402(b) because Claimant "has not shown that he had a necessitous and compelling reason for leaving the job." (*Id.* at 31.) Claimant appealed the decision, and a telephone hearing was scheduled before the Referee. (*Id.* at 41, 49.)

Prior to the hearing, Claimant filed numerous requests, including a request for subpoenas of Court Administrator, who was Claimant's supervisor, and Court Administrator's email asking Claimant for his letter of resignation, which the Referee denied without prejudice for Claimant to raise the issue again at the hearing. (C.R. at 55, 62-63, 65-83.)

At the hearing, Claimant testified that his clerkship was a one-year position, and his judge did not offer to extend his clerkship for another year. (*Id.* at 113.) Claimant also testified that he did not speak to anyone at the County about securing alternate employment. (*Id.* at 117.) Claimant sought to present the testimony of a former law clerk who, according to Claimant, would "substantiate what [Claimant]

2

said in terms of the procedure [Human Resources Generalist] requir[ed, which was] that law clerks tender letters of resignation." (*Id*. at 118.) The Referee denied this request and stated that if Claimant already established this in his testimony, it was unnecessary for Claimant to call a witness to substantiate. (*Id*.) Human Resources Generalist testified for the County that Claimant was informed about open assistant district attorney positions within the County at Claimant's exit interview. (*Id*. at 119.) Human Resources Generalist testified that there was no guarantee of a position for Claimant. (*Id*.) Human Resources Generalist also testified that "[a]ny employee [who] leaves the County . . . provides a resignation letter if they[ are] not terminated." (*Id*. at 122.)

Based upon the evidence presented, the Referee reversed the determination of the UC Service Center and found Claimant was not ineligible for benefits because "continuing work was no longer available to [] Claimant, and . . . Claimant did not voluntarily leave his job[.]" (*Id*. at 146.) In so holding, the Referee credited Claimant's testimony that the position was for one year, which was not extended, and Claimant's supervisor asked for a letter of resignation. (*Id*.) The County appealed the decision of the Referee to the Board. (*Id*. at 159.) The Board reversed the Referee's decision, finding, in pertinent part, as follows:

> 2. [C]laimant was hired for a one-year clerkship with a County judge.
>
> 3. [C]laimant did not ask for an extension of his clerkship nor did he ask if there were other positions available with the County. Clerkships can be extended for a second year.
>
> 4. [C]laimant advised his supervisor, . . . [Court A]dministrator, when his last day of work was going to be and the supervisor requested a resignation letter.
>
> 5. On July 21, 2020, [C]laimant submitted a letter of resignation.

3

6. During an exit interview, the employer's [H]uman [R]esources [G]eneralist advised [C]laimant that there were several open assistant district attorney positions for which he could apply if interested, and the [H]uman [R]esources [G]eneralist would reach out to the district attorney on his behalf about them. He also informed [C]laimant that there was a position in the public defender's office.

7. [C]laimant informed the [H]uman [R]esources [G]eneralist that [the] County was not conducive for him to meet someone and he planned on moving back to the Philadelphia area.

8. [C]laimant voluntarily left his employment because he did not want to stay in the [] County area.

(Board's Decision, FOF ¶¶ 2-8.) The Board explained that the burden is on Claimant to establish that Claimant left employment for a necessitous and compelling reason. (*Id*. at 2.) Further, the Board explained that if Claimant did not take all reasonable and necessary steps to preserve his employment, it will result in a voluntary termination of employment. (*Id*.) The Board found that because Claimant did not seek an extension of his clerkship, which Human Resources Generalist testified was possible, and because Human Resources Generalist told Claimant about the assistant district attorney positions and the public defender position, for which Claimant chose not to apply, Claimant did not take all necessary and reasonable steps to preserve his employment and voluntarily quit his employment. (*Id.*) In addition, the Board cited *Evans, Portnoy & Quinn v. Unemployment Compensation Board of Review*, 665 A.2d 548 (Pa. Cmwlth. 1995), for the proposition that because Claimant entered a temporary employment arrangement with the County, did not request an extension of his clerkship, and did not apply for other open employment within the County, "[Claimant] does not fall within the class of employees the legislature intended to protect[,]" and, therefore, "[C]laimant did not make a reasonable effort to preserve

the employment relationship." (*Id.* at 2-3.) Accordingly, the Board denied benefits under Section 402(b) of the Law. (*Id.* at 3.)

Thereafter, Claimant timely filed a Petition for Review with this Court.

## II.   PARTIES' ARGUMENTS

On appeal, Claimant raises three arguments. First, Claimant asserts he was deprived of due process because the Board evaluated his claim under Section 402(a)[2] of the Law, instead of Section 402(b), but it did not have the authority to consider whether Claimant found "suitable work" under Section 402(a) because the Referee expressly said that issue was not under consideration. (Claimant's Brief (Br.) at 16-17, 20.) Second, Claimant argues he was denied the opportunity to present material evidence. Specifically, Claimant states that an email from Court Administrator prompting Claimant to tender his resignation and Court Administrator's testimony would have been relevant to whether Claimant voluntarily left his employment as it would show that the resignation letter was part of an employer policy. (*Id.* at 26.) Claimant further wished to present the testimony of a fellow law clerk to show "[a] law clerk in [Claimant's] circumstances would very likely have tendered [their] . . . resignation[.]" (*Id.* at 25, 27 n.19.) Last, Claimant argues the Board relied on cases that were not applicable or controlling to Claimant's case. (*Id.* at 27-28.)

Claimant seeks a reversal of the Board's Decision and Order, or, in the alternative, that this Court answer "the pure question of law of whether a judicial law clerk, who literally tenders his resignation at the request of his or her employer,

---

[2] Section 402(a) provides, in relevant part, "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to failure, without good cause, either to apply for suitable work . . . or to accept suitable work when offered to him by the employment office or by any employer[.]" 43 P.S. § 802(a).

and who successfully completes a clerkship . . . is eligible [for UC benefits] under . . . [the] Law[.]" (*Id*. at 30.) In another alternative, Claimant asks this Court to vacate the Board's Order and remand to the Referee and either order a new hearing where the County must provide relevant documents and where Claimant may present witnesses or allow Claimant to supplement the existing record. (*Id*. at 31.)

The Board responds that Claimant failed to show he had a necessitous and compelling reason to voluntarily quit his employment when he did not preserve his employment within the County. (Board's Br. at 8.) The Board explains that Claimant voluntarily quit by not seeking to extend his clerkship for a second year or applying for open positions within the County and cites *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042 (Pa. Cmwlth. 2002), for support. (*Id*. at 11-12.) The Board further contends Claimant's argument that the Board improperly considered "suitable work" is a misunderstanding of the Board's Decision and Order because the Board did not consider "suitable work" as set forth in Section 402(a). (*Id*. at 17.) The Board contends that it only considered whether Claimant voluntarily quit and took reasonable steps to preserve his employment under Section 402(b). (*Id*. at 18.) Last, the Board argues the Referee did not err in denying Claimant's request for certain documents and witnesses because the testimony would have been duplicative, the Board made findings consistent with Claimant's testimony, and the testimony did not address Claimant's failure to preserve his employment. (*Id*. at 20.) The Board explains that the testimony Claimant sought to elicit would not have affected or changed the disposition of the case. (*Id*. at 24-25.)

6

## III. DISCUSSION

"This Court's review is limited to determining whether the findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether errors of law were committed." *Showers v. Unemployment Comp. Bd. of Rev.*, 64 A.3d 1143, 1146 n.4 (Pa. Cmwlth. 2013). On appeal, "[t]he Board's findings of fact are conclusive" as "long as the record taken as a whole contains substantial evidence to support them." *Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). In addition, "[w]here the Referee or Board refuses to seek enforcement of a subpoena, our scope of review is limited to determining whether there was an abuse of discretion or an error of law." *Beamer v. Unemployment Comp. Bd. of Rev.*, 552 A.2d 774, 776 (Pa. Cmwlth. 1989).

Section 402(b) of the Law provides, in relevant part, "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." 43 P.S. § 802(b).

> In order to show necessitous and compelling cause, the claimant must establish that[: (1)] circumstances existed which produced real and substantial pressure to terminate the claimant's employment; [(2)] like circumstances would compel a reasonable person to act in the same manner; [(3)] the claimant acted with ordinary common sense; and [(4)] **the claimant made a reasonable effort to preserve his or her employment.**

*Brown v. Unemployment Comp. Bd. of Rev.*, 780 A.2d 885, 888 (Pa. Cmwlth. 2001) (emphasis added). The fourth prong is at issue here. "Where an employee has failed to take all necessary and reasonable steps to preserve the employment relationship, he or she has failed to meet the burden of demonstrating necessitous and compelling cause." *Fleming v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 513 C.D.

7

2021, filed Feb. 9, 2023), slip op. at 7 n.6 (citing *Westwood v. Unemployment Comp. Bd. of Rev.*, 532 A.2d 1281, 1282 (Pa. Cmwlth. 1987)).[3]

Claimant first argues the Board was not permitted to address the issue of "suitable work" under Section 402(a) of the Law because the Referee below did not address it. A review of the Board's Decision shows that it reversed the Referee's determination because "[C]laimant has not met his burden under Section **402(b)** of the Law." (Board's Decision at 3 (emphasis added).) The Board recited the above rules related to Section 402(b) and analyzed whether Claimant took all reasonable and necessary steps to **preserve the employment relationship within the County**, including extending his clerkship for another year or applying to other open positions in the County. (*Id*. at 2.) The Board did not discuss or analyze Section 402(a) of the Law, relating to suitable work. (*See* Board's Decision at 2-3.) Rather, the Board strictly analyzed whether Claimant showed he "made a reasonable effort to preserve his . . . employment" under the fourth prong of a necessitous and compelling cause analysis. *Brown*, 780 A.2d at 888. Therefore, the Board did not discuss or analyze the issue of suitable work under Section 402(a) of the Law and did not err in analyzing whether Claimant attempted to preserve an employment relationship within the County, which is an element of a voluntary quit analysis pursuant to Section 402(b). *Id.*

Claimant next argues that he was precluded from presenting material evidence before the Referee. If evidence is not relevant, the referee may exclude it, and the referee has discretion in the admission of evidence. *Creason v. Unemployment Comp. Bd. of Rev.*, 554 A.2d 177, 179 (Pa. Cmwlth. 1989). If evidence is

---

[3] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court, while not binding, may be cited for its persuasive value.

duplicative, it is not necessary. *See Beamer*, 552 A.2d at 776 (holding the referee's denial of additional testimony was not in error because "[n]ot only would the testimony of the missing witnesses and documents be duplicative of evidence already of record, but the allegations which [the claimant] states they would corroborate are not even in dispute"). "A referee may not refuse to issue a subpoena, then rule against the party that requested the subpoena because it did not offer into evidence the very information that the party could only have obtained through the subpoena that the referee declined to issue." *Juniata Cnty. Childcare & Dev. Servs., Inc. v. Unemployment Comp. Bd. of Rev.*, 6 A.3d 1037, 1046 (Pa. Cmwlth. 2010). Claimant asserted that the testimony of the former law clerk would have "substantiate[d] most if not all of [Claimant]'s claims" relating to having a successful clerkship, being required to tender his resignation, the circumstances leading to his resignation, and the "County law clerk transition policy." (Claimant's Br. at 27 n.19.) The Referee determined that the testimony of Claimant's former fellow law clerk at the County would be duplicative of Claimant's testimony. As such, the Referee did not err in refusing to allow Claimant's fellow law clerk to testify. *Beamer*, 552 A.2d at 776.

Further, the refusal to subpoena Court Administrator and the email from Court Administrator relating to a request for Claimant to submit a letter of resignation under the County's law clerk transition policy was not in error because neither the Referee nor the Board used this lack of evidence to rule against Claimant. *Juniata Cnty.*, 6 A.3d at 1046. Rather, the Referee found in Claimant's favor, and the Board reversed on the grounds that Claimant did not extend his clerkship or apply for open positions within the County. Claimant argues the Board did not find as a fact that Court Administrator requested Claimant to tender a letter of resignation.

9

(Claimant's Br. at 10-11.) However, the Board did find as fact that Court Administrator requested a letter of resignation from Claimant. (Board's Decision, FOF ¶ 4.) The testimony and email sought to be elicited from Court Administrator, which was related to the procedures and policy for resigning and requesting a resignation letter, would not have been relevant to the issue of whether Claimant took reasonable steps to preserve his employment within the County. Further, Claimant was not prejudiced to the extent there was any error in excluding this evidence because the Referee did not use this lack of evidence to rule against Claimant, and the Board specifically found that Court Administrator requested that Claimant tender his resignation. Therefore, Claimant was not precluded from introducing material evidence as the evidence he sought to introduce was not relevant, and Claimant was not prejudiced to the extent there was any error.

Claimant lastly argues that the Board relied on case law that is distinguishable from his case. Specifically, Claimant challenges the Board's use of *Evasovich v. Unemployment Compensation Board of Review*, 471 A.2d 921 (Pa. Cmwlth. 1984), *Westwood*, and *Evans, Portnoy & Quinn*. Contrary to Claimant's assertions, the Board did not liken the facts of *Evasovich* and *Westwood* to Claimant's facts. Rather, the Board used *Evasovich* and *Westwood* to establish the rule relating to preservation of employment. (Board's Decision at 2.) The Board then cited *Evans, Portnoy & Quinn* for the rule that a law student who enters into a temporary employment arrangement with a law firm and fails to request an extension or to seek full-time employment is not protected under the Law because the Law is meant to protect those who lose employment through no fault of their own. (*Id*. at 2-3.) The Board did liken the facts of *Evans, Portnoy & Quinn* to Claimant's facts to find that Claimant is not part of the class of people the Law is meant to protect. (*Id*. at 2.)

10

The Board did not err in likening *Evans, Portnoy & Quinn* to Claimant's case because the facts are indeed similar. In that case, a law student entered into an employment arrangement with a law firm, whereby the student would work part-time at the firm while she was attending law school and had a set termination date. The student quit before the termination date to study for exams. This Court found the student ineligible for UC benefits because the student "knowingly enter[ed] into a temporary part-time employment arrangement with a law firm, voluntarily le[ft] that employment prior to the end of the specified period to study for exams, and fail[ed] to request [an] extension of the letter agreement or to seek regular full-time employment with the law firm upon graduation." *Evans, Portnoy & Quinn*, 665 A.2d at 552. Although Claimant did not leave the County before his termination date, he did have a temporary employment arrangement with the County and did not seek to extend that employment like the law student in *Evans, Portnoy & Quinn*. (Board's Decision, FOF ¶¶ 2-3.) Therefore, *Evans, Portnoy & Quinn* is applicable and analogous to Claimant's case. The Board did not err in citing *Evasovich*, *Westwood*, and *Evans, Portnoy & Quinn* in its Decision and Order.

## IV. CONCLUSION

The Board did not address the issue of suitable employment, but rather addressed the issue of whether Claimant attempted to preserve an employment relationship within the County under Section 402(b) of the Law. The Referee did not abuse her discretion or err in denying Claimant's subpoena requests and denying Claimant's fellow law clerk from testifying at the hearing. Last, the Board did not err in citing *Evasovich*, *Westwood*, and *Evans, Portnoy & Quinn* in its Decision and Order denying Claimant UC benefits. Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward A. DiIenno, : 
                Petitioner : 
                 : 
           v. :   No. 161 C.D. 2022
                 : 
Unemployment Compensation, : 
Board of Review, : 
            Respondent : 

# O R D E R

**NOW**, January 10, 2024, the Order of the Unemployment Compensation Board of Review, in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge